IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA J. ROBERTSON,

                Plaintiff,

              vs.                              Case No. 05-3149-JTM

KANSAS DEPARTMENT OF
CORRECTIONS, *et. al.*,

                Defendants.

<u>MEMORANDUM AND ORDER</u>

      This matter comes before the court on defendants' motion for judgment on the pleadings

(Dkt. No. 60).  For the reasons set forth below, the court grants defendants' motion.

*I.  Factual Background:*

      Plaintiff, Joshua J. Robertson, acting *pro se*, filed a complaint with this court, alleging

violation of 42 U.S.C. § 1983.  He argues that his constitutional rights were violated when staff

at the El Dorado Correctional Facility failed to provide him with a legal envelope in order to file

his habeas corpus petition in state court.

      On December 6, 2004, plaintiff requested an indigent legal pack from the inmate law

library at the El Dorado Correctional Facility ("EDCF").  The library's staff responded that the

library no longer provided indigent legal packs.  Plaintiff was referred to his Unit Team and

advised that the packs were sold in the prison canteen.

Thereafter, on December 14, 2004, plaintiff filed a grievance with the correctional facility, noting that he was denied access to the courts.  Unit Team Manager Sapien responded that the governing policy was under revision.  However, UTM Sapien noted that the Kansas Department of Corrections Internal Management Policy and Procedure ("IMPP") 12-127 provides for indigent inmates to receive writing materials, including writing paper, a pencil, envelopes, and postage for not more than four first-class, one-ounce domestic letters per month.

Plaintiff appealed the grievance to the warden on December 17, 2004.  On December 30, he was advised that he was responsible for mailing his appeal to the Secretary.  He filed a grievance on the same day to the Secretary of Corrections which alleged that the facility failed to provide envelopes to mail the grievances.

On January 7, 2005, plaintiff received an indigent package.  Thereafter on January 13, 2005, he submitted the appeal of grievance No. 00012543 to the Secretary of Corrections.

On January 18, 2005, UTM Sapien provided a large envelope to plaintiff.  Plaintiff then mailed the grievance to the Secretary of Corrections on the same day.

Plaintiff received the response from the Secretary of Corrections on February 1, 2005, which led to the preparation of plaintiff's habeas corpus petition pursuant to K.S.A. 60-1501.

Thereafter, plaintiff alleges that defendant Gunter, a correctional employee, refused to provide plaintiff with a large envelope that would accommodate the 18-page habeas corpus petition to be filed in state court.  Plaintiff filed a grievance, along with two emergency grievances seeking the supplies he requested from Mr. Gunter.  Plaintiff states that defendant Sapien refused to answer the grievances for over a month which led to plaintiff's inability to timely file his petition in state court.

II.  *Standard of Review:*

A rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss.  *Mock v. T.G.&Y.*, 971 F.2d 522, 528 (10th Cir. 1992).  The court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in the plaintiff's favor.  *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987); *see Zinermon v. Burch*, 494 U.S. 113, 118 (1990).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).  Dismissal is to be used cautiously as courts have an obligation to promote the liberal rules of pleadings as well as to protect the interests of justice.  *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357 (10th Cir. 1989); *Davis v. Olin*, 886 F. Supp. 804, 807 (D. Kan. 1995).

A court must construe pleadings by a pro se party liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th cir. 1999).  In determining whether dismissal is proper, the court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. *Id*.

III.  *Conclusions of Law:*

Plaintiff argues that 1) he was denied his First and Fourteenth Amendment rights of access to the courts when he was denied an envelope that would accommodate his habeas corpus petition for mailing; 2) he was denied his First and Fourteenth Amendment rights of access to the courts when defendants took a month to answer his grievances; and 3) he was denied his First and Fourteenth Amendment rights of access to the courts when defendant Sapien acted with reckless and callous indifference in denying plaintiff an envelope to mail his petition.  Plaintiff brings the present action against the following persons in their individual and official capacities: William Cummings, Secretary of Corrections; Raymond Roberts, Warden, El Dorado Correctional Facility; Robert Sapien, an agent of defendant Roberts; Randy Kaufman, an agent of defendant Roberts; and Trent Gunter, an agent of defendant Roberts.

A.  *Plaintiff's Constitutional Right to Access the Courts:*

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

Plaintiff alleges a violation of a right that is secured by the Constitution, a right of access to the courts.  However, the court finds that plaintiff fails to demonstrate in his pleadings a violation of his constitutional rights.  "A constitutional right of access to the courts is clearly established."  *See Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  To state a claim for denial of such a right, Mr. Robertson "must show that any denial or delay of access to the court

4

prejudiced him in pursuing litigation." *Id.*; *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996)

(requiring that "the alleged shortcomings in the library" actually hinder a prisoner's "efforts to

pursue a legal claim"). Specifically, under *Bounds v. Smith*, 430 U.S. 817, 822 (1977), prisoners

have a fundamental constitutional right to "adequate, effective, and meaningful" access to the

courts, and corrections officials must "assure all inmates access to the courts and assistance in the

preparation and filing of legal papers." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993).

However, in *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978), the Tenth Circuit noted that

*Bounds* should not be read to provide prisoners "with an unlimited right to free postage in

connection with the right of access to the courts." *Collier v. Nelson*, 202 F.3d 281 (10th Cir.

2000) (citing *Twyman*, 584 F.2d at 359). "Reasonable regulations are necessary to balance the

rights of prisoners with budgetary considerations." *Twyman*, 584 F.2d at 359.

The Kansas Department of Corrections Internal Management Policy and Procedure 12-

127 outlines that indigent inmates receive writing materials including adequate writing paper, a

pencil, envelopes and postage for not more than four first-class, one-ounce, domestic letters per

month. In the court's view, this policy is consistent with the Tenth Circuit's holding that while

prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to

the courts, this right does not provide prisoners with an unlimited right to free postage.

Furthermore, from the pleadings and plaintiff's amended pleadings, it is evident that

while plaintiff may not have received a large legal envelope to mail his habeas corpus petition,

plaintiff was afforded at least four, one-ounce, domestic letters per month. These envelopes

enabled plaintiff to effectively file his petition and did not prevent access to the courts in

violation of his First and Fourteenth Amendment constitutional rights.

<u>B.  Defendants' Qualified Immunity:</u>

Even if plaintiff's constitutional rights were violated, defendants' actions are shielded by qualified immunity.  Government officials are entitled to qualified immunity from liability for civil damages under § 1983 when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Qualified immunity is analyzed in a two-step process.  First, the plaintiff must establish that, upon a favorable review of the record, the defendants' actions violated a constitutional or statutory right; second, the court must inquire whether the plaintiff can show the contours of that right were "clearly established" at the time of the charged conduct.  *Smith v. Cochran*, 339 F.3d 1205, 1211-12 (10th Cir. 2003), *citing Holland ex. rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001).

Under the "clearly established" prong of the qualified immunity analysis, the inquiry centers on whether a "reasonable official would understand" that his or her behavior violated the Constitution.  *Freeman v. Knight,* 2005 WL 1896245, *4 (D. Colo. 2005) (citing *Smith*, 339 F.3d at 1215).  This prong does not examine state of mind, but inquires, whether at the time of the act, there was binding legal authority recognizing the existence of a constitutional right in the particular circumstances.  *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

Here, although plaintiff has not established that defendants' actions violated a clearly established constitutional right to access the courts, defendants' actions were reasonable in light of the Kansas Department of Corrections standing policy affording indigent inmates monthly

6

writing supplies.  Plaintiff was given supplies that enabled him to file his habeas corpus petition

with the court.  Although plaintiff alleges he was not given a legal envelope to accommodate the

petition, the prison officials reasonably denied plaintiff's request for a legal envelope in light of

the policy that afforded plaintiff writing supplies, which included envelopes and four domestic,

one-ounce stamps for which to file the petition with the court.  In light of the Kansas Department

of Corrections policy, defendants acted reasonably in denying plaintiff's request.  A reasonable

official would not understand that denying plaintiff a legal envelope might violate the

Constitution.

    For these reasons, the court grants defendants' motion for judgment on the pleadings.

    IT IS ACCORDINGLY ORDERED this 27th day of December, 2006, that defendants'

motion for a judgment on the pleadings (Dkt. No. 60) is granted.

                                        s/ J. Thomas Marten
                                        J. THOMAS MARTEN, JUDGE