IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA ROBERTSON,

        Plaintiff,

vs.                                                                  Case No. 05-3149-JTM

KANSAS DEPARTMENT OF
CORRECTIONS, *et. al.*,

        Defendants.

MEMORANDUM AND ORDER

The present matter arises on plaintiff's motion to alter or amend judgment following this court's order for judgment on the pleadings on December 28, 2006. For the following reasons, the court denies plaintiff's motion.

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996), cert. denied, 520 U.S. 1181 (1997).

Plaintiff does not meet the requirements of Fed. R. Civ. P. 59(e) because he has not demonstrated an intervening change in controlling law; the availability of new evidence not previously available through due diligence; or the need to correct clear error or prevent manifest injustice. Plaintiff argues that he was forced to use domestic envelopes to file his habeas corpus petition, which violated his constitutional rights. He argues that the envelopes were provided to allow for free association with family; therefore, the defendant should have provided additional envelopes to file his petition.

The court disagrees. The Kansas Department of Corrections Internal Management Policy and Procedure 12-127 outlines the provision of legal supplies. It stipulates that indigent inmates receive writing materials including adequate writing paper, a pencil, envelopes and postage for not more than four first class, one ounce, domestic letters per month. In the court's view, this policy is consistent with the Tenth Circuit's holding that while prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, this right does not provide prisoners with an unlimited right to free postage. *See Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978) (Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations.). It is evident that while plaintiff may not have received a large legal envelope to mail his habeas corpus petition, plaintiff was afforded at least four, one ounce, domestic letters per month. These envelopes enabled plaintiff to effectively file his petition and did not prevent access to the courts in violation of his First and Fourteenth Amendment constitutional rights.

IT IS ACCORDINGLY ORDERED this 20th day of March that plaintiff's motion to alter or amend judgment (Dkt. No. 67) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE